# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# STATESBORO DIVISION

| | | |
|---|---|---|
| ROBERT CURTIS FINCH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CV609-090 |
| | ) | |
| SIDNEY JOE MORGAN and | ) | |
| MEMORIAL HEALTH HOSPITAL, | ) | |
| | ) | |
| Defendant. | ) | |

## REPORT AND RECOMMENDATION

Plaintiff Robert Curtis Finch has filed suit against Dr. Sidney Joe Morgan and Memorial Health Hospital claiming that he did not receive an adequate medical exam. (Doc. 1 at 4.) Finch is not a detainee and he has paid the Court's $350 filing fee; thus, the screening provisions of 28 U.S.C. §§ 1915 & 1915A do not apply. Nevertheless, this case should be **DISMISSED** pursuant to Rule 12(h)(3) of the Federal Rules of Civil Procedure because the Court is without subject matter jurisdiction.

Finch, in his statement of claim, alleges:

> On November 15, 2007 I Robert Curtis Finch went [to] Sidney Joe Morgan's office (Memorial Health Hospital) after putting in many emergency medical request at Screven County Jail. I

was taken there by Officer Joseph Owens. I saw Sidney Joe Morgan himself and no adiquite [sic] exam was done on any of the complaints I made. I stayed totally clothed throughout the entire time. I was left to suffer severe pain and further bodily d[y]sfunction. Doctor Sidney Joe Morgan failed to adiquitly [sic] evaluate and diagnose.

(Doc. 1 at 3-4.) He asks for $7,000,000 in damages from both Dr. Morgan and Memorial Health Hospital (*id.* at 4), but nowhere in his complaint does he allege any basis for the Court's jurisdiction. Reading the complaint liberally, *Haines v. Kerner*, 404 U.S. 519, 520 (1972), Finch may intend to assert a tort claim against defendants under the Court's diversity jurisdiction, 28 U.S.C. § 1332, or he may be hope to invoke federal question jurisdiction under 28 U.S.C. § 1331. In either case, his claim is deficient.

A Court may exercise jurisdiction over a civil case between citizens of different states so long as the amount in controversy exceeds $75,000. 28 U.S.C. § 1332. Finch, a Georgia resident, has filed suit against two other Georgia residents. Diversity is not "complete" -- Finch is a citizen of the same state as both defendants -- so the claim cannot stand under § 1332. *MacGinnitie v. Hobbs Group, LLC*, 420 F.3d 1234, 1239 (11th Cir. 2005). Alternatively, Finch may proceed in federal court if his claim

arises under federal law and thus raises a federal question. 28 U.S.C. § 1331. Finch cites no federal authority for his suit, but he included a copy of O.C.G.A. § 31-11-81 in his complaint packet. (Doc. 1 at 17.) That section defines "emergency services" under *Georgia* law. Since he has not offered any *federal* jurisdictional basis, the Court lacks subject matter jurisdiction over Finch's claim under § 1332. Further, even assuming that Finch would proceed under 42 U.S.C. § 1983, the most likely avenue for asserting a federal tort-like claim, his claim still fails. Under § 1983, a plaintiff must establish both a violation of a right secured by the Constitution or the laws of the United States and demonstrate that the alleged violation was committed by a person acting under color of state law. *Bannum, Inc. v. City of Ft. Lauderdale*, 901 F.2d 989, 996-97 (11th Cir. 1990). Both defendants here are private entities, and Finch does not specifically allege that either was acting under color of state law nor offer any information which would allow the Court to infer that the defendants were state actors.[1] (Doc. 1 at 4.) Hence, he cannot rely upon § 1983 as a

---

[1] A physician under contract with a state to provide medical services to state prison inmates acts under color of state law for purposes of § 1983 when undertaking his duties in treating an inmate's health. *West v. Atkins*, 487 U.S. 42, 54 (1988). However, a private physician unaffiliated with any state institution is not acting under

3

basis for federal jurisdiction. *Mulkay v. Land Am. Title Ass'n, Inc.*, 345 F. App'x 525, 527 (11th Cir. 2009); *see Wyke v. Polk County School Bd.*, 129 F.3d 560, 566-67 (11th Cir. 1997) (discussing the need for a "substantial" federal question in order for a federal court to have jurisdiction under 28 U.S.C. § 1331).

Plaintiff bears the burden of establishing jurisdiction, *Sweet Pea Marine, Ltd. v. APJ Marine, Inc.*, 411 F.3d 1242, 1247 (11th Cir. 2005), and if a court determines "at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). Finch does not properly allege a basis for the Court's jurisdiction. Accordingly, his case should be **DISMISSED**.

**SO REPORTED AND RECOMMENDED** this  11th  day of March, 2010.

/s/ G.R. Smith
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT of GEORGIA

---

color of state law merely because he provides medical services to a state prisoner. *See Harvey v. Harvey*, 949 F.2d 1127, 1133 (11th Cir. 1992).